IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 05-110-JJF |
| JODY I. JOYCE, | : | |
| Defendant. | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Adam Safwat, Assistant United States Attorney, and Penny Marshall, Esquire, attorney for the Defendant, JODY I. JOYCE, the following agreement is hereby entered into by the respective parties:

1.  The Defendant agrees to plead guilty to Count One of an Information, which charges the Defendant with theft of bank funds, in violation of Title 18, United States Code, Section 2113(b). The Defendant agrees to waive indictment by grand jury with respect to the offense charged in Count One of the Information.

2.  The essential elements of the offense charged in Count One of the Information, each of which the Government would have to prove beyond a reasonable doubt at trial, are: (i) the Defendant took and carried away a thing of value exceeding $1000, in this case, a check paid to the order of the MBNA America Bank, N.A. ("MBNA") for the sum of $30,000; (ii) the thing of value that was taken by the Defendant belonged to and was in the care, custody and control of

a bank, in this case, MBNA; (iii) the Defendant acted with the intent to steal and purloin the thing of value, and (iv) the deposits of MBNA were then insured by the Federal Deposit Insurance Corporation.

3. The maximum penalties for Count One of the Information are found in 18 U.S.C. § 2113(b), and are ten years imprisonment, a $250,000 fine, three years of supervised release following any term of imprisonment, and a $100 special assessment.

4. The United States agrees to dismiss the Indictment in this case.

5. The Defendant knowingly, voluntarily, and intelligently admits that on or about February 8, 2005, in the State of Delaware, she knowingly took a check that was made payable to the order of MBNA on the account of Wachovia Bank, N.A., in the sum of $30,000; that she removed such check from MBNA's possession; and that she deposited the sum of money into her personal MBNA credit card account, intending to keep the money for herself. The Defendant does not contest that the deposits of MBNA were then insured by the FDIC.

6. The Defendant agrees to make restitution to MBNA in the amount of $20,035.56 at or before the time of sentencing.

7. The Defendant shall consent to any regulatory action taken by a Federal financial institution regulatory agency to permanently remove the Defendant from office and/or prohibit the defendant from participating, whether as an institution-affiliated party or otherwise, in the conduct of the affairs of any insured depository institution or depository institution holding company, or any other organization or entity provided in Section 8(e) of the Federal Deposit Insurance Act, 12 U.S.C. §1818(e).

8. The United States will recommend a three-level reduction in the offense level for the charge above for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1, provided the offense level is sixteen (16) or more. If the offense level is less than sixteen, the United States will recommend a two-level reduction in the offense level under Section 3E1.1.

9. If the final sentencing range applicable in this case, as determined by the United States Sentencing Guidelines, permits the imposition of probation rather than incarceration, the Government agrees not to oppose the defendant's request for a sentence of probation.

10. The Defendant understands that at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The Defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The Defendant recognizes that the final determination of the Defendant's sentence will be made by the Court. The Defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The Defendant agrees that she will not be allowed to withdraw her guilty plea because the Court calculates the guidelines differently than she expects, or imposes a sentence greater than what she expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of her attorney.

11. The Defendant agrees to pay the special assessment of $100.00 at the time of sentencing.

12. If the Court sentences the Defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the defendant's sentence but the Defendant is unable to pay the full amount of the special assessment or fine at the time of sentencing, the Defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

13. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the Defendant does not receive the benefits she expects from any such stipulation or recommendation, the Defendant may not withdraw her guilty plea.

14. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this

///

Memorandum are null and void and have no effect whatsoever unless committed to writing in the manner so provided in this paragraph.

|  |  |
|---|---|
| _____<br>Penny Marshall, Esquire<br>Attorney for Defendant | COLM F. CONNOLLY<br>United States Attorney<br><br>By: _____<br>Adam Safwat<br>Assistant United States Attorney |
| _____<br>Jody I. Joyce<br>Defendant |  |

Dated: April 24th, 2006

\* \* \*

AND NOW this 24 day of April, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
THE HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE
DISTRICT OF DELAWARE